UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND HENDERSON,

                Plaintiff,        COMPLAINT

  -against-                        Civ. Action No.

DAVID GLENN HEFFLER and
TIMOTHY JONES,

                Defendants.

Plaintiff, RAYMOND HENDERSON, by his attorney, states as and for his Complaint:

1.    This suit presents claims under both federal law and state law. It alleges that Messrs. Heffler and Jones, acting in concert, have deprived Plaintiff of his Fourteenth Amendment rights. It also alleges that Mr. Heffler has falsely held himself out as holding a *bona fide* doctoral degree, from an accredited institution, and that Plaintiff has been injured thereby.

## JURISDICTION AND VENUE

2.    Jurisdiction in this action arises under 42 U.S.C. §1983, 28 U.S.C. §1343(a)(3) and 28 U.S.C. §1331.

3.    Venue of this action lies in the United States District Court for the Western District of New York, pursuant to 28 U.S.C. §1391(b), because it is the judicial district where the claims arose and where the parties reside.

## UNDERLYING FACTS

4.    Plaintiff, on or about February 23, 2006, pleaded guilty to a Class A Misdemeanor under New York law, for endangering the welfare of a child."

5.    Plaintiff, on or about June 8, 2006, was sentenced by the Hon. Mark

Farrell, Justice for the Town of Amherst Justice Court, to a three year sentence of probation, with certain general and specific conditions attached thereto.

6. On or about May 10, 2007, a term of probation was modified to undergo an assessment by Defendant Heffler as to the need for, and the kind of, mental health treatment, including sex offender treatment.

7. Plaintiff contacted Defendant David G. Heffler for the purpose of obtaining the aforesaid assessment or evaluation.

8. Plaintiff has attended approximately seven sessions with Defendant Heffler, at an expense of $175 for the first session and $150 for the other six sessions, payable directly to Defendant Heffler, who does not accept insurance.

9. Defendant Heffler, at his initial session with Plaintiff, informed Plaintiff that, based upon his prior discussion(s) with Defendant Erie County Probation Department Officer Timothy Jones, Plaintiff had committed one or more sex offenses and required sex offender treatment.

10. In the course of these sessions, Defendant Heffler, directly and indirectly, held himself out as having a doctoral (Ph.D.) degree, and thereby induced Plaintiff to reveal highly personal information, which Plaintiff did in fact reveal.

11. Defendant Heffler, acting in concert with Defendant Timothy Jones, a Probation Officer to whom Plaintiff has been assigned to report, agreed to have Plaintiff categorized as a sex offender and ordered to undergo sex offender treatment.

12. Sex offender treatment, of the sort practiced by Defendant Heffler and endorsed by Defendant Jones (and the Erie County Department of Probation), is aggressive in nature and, among other things, employs the use of polygraph ("lie detector") machines, the revelation to treatment providers, complete strangers (participating in group therapy sessions), and probation officers, including Defendant

2

Timothy Jones, of sexually explicit details of past sexual activity, and, also, the unequivocal self-description as a sex offender.

13. Plaintiff has not committed any sex offenses.

14. Plaintiff is not a sex offender.

15. Defendant Jones, acting as an Erie County Probation Officer, agreed and acted in concert with Defendant Heffler, to have Heffler declare Plaintiff a sex offender prior to commencement of the evaluation process and to, in effect, pre-determine that Plaintiff was or is a sex offender without utilizing standard evaluation, assessment and diagnostic tools.

16. Defendant Heffler not only informed Plaintiff before Heffler began interviewing Plaintiff that he (Heffler) would declare Plaintiff to be a sex offender, he also instructed Plaintiff that the treatment program would require regular sessions with Heffler, payable by Plaintiff directly to Heffler, for an undetermined length of time.

17. In effect, Defendant Heffler's determination in this case, and his determinations in similar cases generally, are infected with a conflict of interest, because his determination that an individual is a sex offender will serve to grow Defendant Heffler's business and thereby enrich him.

18. Upon information and belief, Defendants Heffler and Jones have shared the details of the seven sessions Defendant Heffler has concluded with Plaintiff, without Plaintiff's permission and without an appropriate release comporting with the Health Insurance Portability and Accountability Act ("HIPAA").

**FIRST CLAIM FOR RELIEF:**
**(DEPRIVATION OF DUE PROCESS)**

19. Plaintiff repeats all the foregoing allegations.

20. At the times relevant hereto, Plaintiff enjoyed both liberty and a property interests which have been affected and continue to be affected by Defendants' actions.

21.     Said Defendants' efforts to label Plaintiff as a sex offender will stigmatize Plaintiff, impair his ability to gain employment, and will affect and impair Plaintiff's ability to engage in the gamut of interactions with other humans that citizens of this country usually and generally enjoy.

22.     Furthermore, said Defendants' actions threaten to cause Plaintiff to be incarcerated.

23.     An example of how incarceration could wrongfully occur is as follows.  If determined to be a sex offender, Plaintiff will have to undergo sex offender treatment.  The sex offender treatment that Defendants practice and endorse compel individuals to admit (rightly or wrongly) that they have committed sex offenses, as a precondition to completing sex offender treatment.  The protestation of an individual enrolled in sex offender treatment that he or she is not a sex offender would almost certainly result in that individual being "violated", that is, determined to be in violation of the terms and conditions of that individual's probation or parole.

24.     In addition, Plaintiff has a property interest that he has been deprived or as a result of Defendants' actions.  Specifically, Plaintiff has been ordered by Defendant Heffler to pay to Defendant Heffler the sum of $1,075 for an initial evaluation as to whether he even requires sex offender treatment, and that process remains incomplete.

25.     The Due Process Clause, set forth in the Fifth Amendment to the United States Constitution, states, in relevant part:

> **No person shall** be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be **deprived of life, liberty, or property, without due process of law;** nor shall private property be taken for public use, without just compensation.

4

26. The Fourteenth Amendment to the United States Constitution, states, in relevant part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law;** nor deny to any person within its jurisdiction the equal protection of the laws.

27. 42 U.S.C. §1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

28. Defendants have deprived Plaintiff of substantive and procedural due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

29. Specifically, Defendants, acting in concert, and under color of law, including the threat of declaring Plaintiff in violation of the terms and conditions of his sentence of probation, have deprived Plaintiff of substantive and procedural due process by a) Defendants' prior agreement and understanding that Plaintiff, even before his evaluation was commenced by Heffler, would be declared to be a sex offender and ordered to undergo an intensive course of sex offender therapy, b) deviating from the usual and customary practices by which appropriate mental health care professionals determine which individuals require sex offender treatment, c) by placing Defendant Heffler in the position of having a strong personal financial interest in declaring Plaintiff

to be a sex offender, and, further, allowing Defendant Heffler to exploit that financial interest by ordering Plaintiff to pay Heffler for the cost of such treatment, etc.

## SECOND CLAIM FOR RELIEF

## (HIPAA VIOLATION)

30. Plaintiff repeats and realleges the foregoing allegations.

31. Defendants Heffler and Jones have divulged sensitive health care information about Plaintiff to unauthorized persons, including each other, in violation of the provisions of the Health Insurance Portability and Accountability Act.

## THIRD CLAIM FOR RELIEF

## (GENERAL BUSINESS LAW §350-b VIOLATION)

32. Plaintiff repeats and realleges the foregoing allegations.

Defendant Heffler, at the times relevant hereto, has held himself out to Plaintiff and to the public as holding the title "doctor".

33. Defendant Heffler has provided services to Plaintiff that are intended to diagnose, treat, mitigate, prevent or cure one or more human diseases, injuries or physical conditions, and which were intended to appear to Plaintiff, as purchaser of such services, to have done so.

34. Plaintiff purchased those services from Defendant Heffler.

35. Defendant Heffler has used the title "doctor" in making representations for the purpose of inducing, and which were and are likely to induce, directly or indirectly, the purchase of the above-described services by Plaintiff and members of the general public.

36. However, Defendant Heffler has not conspicuously disclosed the profession in which he is licensed.

37. Upon information and belief, Defendant Heffler is not licensed as a psychologist by the State of New York.

38. Upon information and belief, Defendant Heffler is licensed as a mental health counselor by the New York State Department of Education.

39. Defendant Heffler has not conspicuously disclosed to Plaintiff or to the general public, in the course of making the aforesaid representations, the major subject, if any, for which his Ph.D. degree was attained.

40. Defendant Heffler has not conspicuously disclosed to Plaintiff or to the general public, in the course of making the aforesaid representations, the name of the institution that issued the Ph.D. degree he represents as having.

41. Upon information and belief, the Ph.D. degree that Defendant Heffler represents as having was not conferred by an institution of higher education authorized by law to confer doctoral degrees in the state where it is located.

42. Plaintiff seeks relief under New York General Business Law §350-b subd. 2 in the form of an injunction against Defendant Heffler to enjoin and restrain said Defendant's actual and threatened violations of New York General Business Law §350-b subd. 1, in order to prevent said Defendant from deceiving and misleading the public.

## FOURTH CLAIM FOR RELIEF

## (COMMON LAW FRAUD)

43. Plaintiff repeats and realleges the foregoing allegations.

44. Upon information and belief, Defendant Heffler has falsely held himself out to Plaintiff as holding a *bona fide* doctoral degree from an accredited institution of higher learning, relevant to his practice of psychology and mental health counseling.

45. Plaintiff has at all times relied upon Defendant Heffler to provide mental health services commensurate with the doctoral degree he represents to Plaintiff that he holds.

46. Plaintiff's reliance has included the provision of sensitive, personal information.

47. Plaintiff's reliance has also included the payment of fees commensurate with those charged in the western New York area by psychologists and other mental health professionals who do in fact have doctoral degrees in fields of study related to mental health issued by appropriately accredited institutions of higher learning.

48. As a result of the foregoing, Defendant Heffler has defrauded Plaintiff, breached his duty to be truthful to Plaintiff, has induced Plaintiff to expend large sums of money (to the enrichment of Defendant Heffler) and has otherwise failed to deliver to Plaintiff services commensurate with the level of education and credentials that Defendant Heffler falsely holds himself out as having.

## JURY DEMAND

49. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff does hereby demand a jury trial in this action.

WHEREFORE, Plaintiff demands judgment against Defendants Heffler and Jones 1) awarding Plaintiff compensatory damages, and against Defendant Heffler for an injunction pursuant to New York General Business Law §350-b subd. 2, and granting Plaintiff such other and further relief as is just and proper.

DATED:   Buffalo, New York
         July 26, 2007

/s/David J. Seeger
DAVID J. SEEGER, ESQ.
*Attorney for Plaintiff*
69 Delaware Avenue, Suite 1100
Buffalo, New York  14202
(716) 856-1536
david.seeger@davidseegerlaw.net