UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND HENDERSON,

                Plaintiff,

        -vs-                                         07-CV-0487C

DAVID GLENN HEFFLER and
TIMOTHY JONES,

                Defendants.

---

Plaintiff commenced this action with the filing of a complaint on July 27, 2007. Item 1. He alleges four causes of action: deprivation of due process, violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), violation of New York General Business Law § 350-b, and common law fraud. The last two claims are against defendant Heffler only. Defendant Jones has filed a motion to dismiss the complaint or to stay the action. Item 5. For the reasons that follow, the motion is denied.

**BACKGROUND and FACTS**

In the complaint, plaintiff states that on February 23, 2006, he pleaded guilty to one charge of endangering the welfare of a minor, a Class A misdemeanor, in the Town Justice Court of Amherst, New York. Item 1, ¶ 4. On June 8, 2006, he was sentenced to a three-year term of probation by the Hon. Mark Farrell. *Id.,* ¶ 5. On May 10, 2007, the terms of probation were modified to the extent that plaintiff was ordered to undergo an assessment by defendant Heffler as to the need for mental health treatment, including sex offender treatment. *Id.,* ¶ 6. Plaintiff attended approximately seven sessions with Heffler. *Id.,* ¶ 8.

He alleges that Heffler and Jones "agreed and acted in concert . . . to have Heffler declare Plaintiff a sex offender prior to the commencement of the evaluation process . . . ." *Id.,* ¶ 15. Plaintiff states that he is not a sex offender and has not committed any sex offenses. *Id.,* ¶¶ 13, 14. He also alleges that defendants have shared the details of plaintiff's counseling sessions, without plaintiff's permission and in violation of HIPAA. *Id.,* ¶ 18. Plaintiff alleges that defendants Jones and Heffler have deprived him of substantive and procedural due process of law. Specifically, plaintiff alleges that the defendants have attempted to label him a sex offender, forced him to pay for treatment sessions with Heffler, and may violate plaintiff's probation if he refuses to admit to the commission of sex offenses. Item 1, ¶¶ 21-24.

In support of the motion to dismiss, defendant Jones offered an affidavit of David Bunch, Probation Supervisor for the Erie County Department of Probation. Mr. Bunch stated that as a condition of plaintiff's probation, he was ordered to attend, actively participate, and remain in sex offender treatment and comply with all the rules and regulations of the program. Item 5, Bunch Affidavit, ¶ 5; Exh. A. Plaintiff underwent an evaluation at Horizon Health Services, and was referred for sex offender treatment. *Id.,* ¶ 7. Mr. Bunch stated that plaintiff told his probation officer, defendant Jones, that he had not been referred for sex offender treatment and refused to attend such treatment. *Id.,* ¶ 8; Exh. C. Defendant Jones then made application for a violation of plaintiff's probation based on his refusal to undergo treatment and another unrelated incident. *Id.* In a decision from the bench, Justice Farrell found plaintiff not guilty of a violation for the unrelated incident, but found that plaintiff had violated probation for his refusal to attend

sex offender treatment. *Id.,* ¶ 9, Exh D.  Justice Farrell ordered that plaintiff undergo an evaluation by defendant Heffler and treatment as is "deemed appropriate." *Id.,* Exh. D., p. 14.

Following the filing of this suit, defendant Heffler ceased to provide counseling services to plaintiff, citing a conflict of interest.  Item 1, Bunch Affidavit, ¶ 11.  Plaintiff's attorney has stated in an affirmation that the parties have since agreed on a different mental health professional to conduct the evaluation, and that plaintiff has cooperated with every condition of his probation.  Item 10, Attorney Affirmation, ¶¶ 32, 35.

## DISCUSSION

Defendant Jones contends that the court should, under the doctrine of abstention, decline to exercise its jurisdiction over this case.  Under the standards articulated in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, "interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."  *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).  Defendant Jones argues that this case satisfies the *Younger* criteria: there is an ongoing state criminal proceeding, the claim raises important state issues, and the state proceedings provide an adequate opportunity for plaintiff to raise his constitutional claims.

Federal courts should generally refrain from interfering in ongoing state proceedings that implicate important state interests and afford plaintiff an adequate opportunity to raise federal constitutional claims.  *See Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74-75 (2d Cir. 2003), *cert. denied*, 541 U.S. 1085 (2004) (citing *Younger).*  A

federal court should refrain from exercising its jurisdiction under *Younger* if and only if: (1) there is an ongoing state proceeding; (2) in which an important state interest is implicated; and 3) in which the plaintiff has an open avenue for review of his constitutional claims. *See Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995). However, abstention may not be proper upon a demonstration of bad faith, harassment, or other unusual circumstances. *Younger,* 401 U.S. at 53; *Kirschner v. Klemons,* 225 F.3d 227, 233-34 (2d Cir. 2000). Additionally, application of the *Younger* principles is inappropriate where a plaintiff seeks money damages for an alleged violation of § 1983. *See Rivers v. McLeod*, 252 F.3d 99, 101-02 (2d Cir. 2001); *Abrahams v. Appellate Div. of Supreme Court*, 473 F.Supp.2d 550, 558 (S.D.N.Y. 2007).

Here, resolution of this case does not require interference with ongoing state proceedings. Plaintiff pleaded guilty to one charge of endangering the welfare of a child and underwent a mental health evaluation as ordered by the state court. The criminal case is ongoing only to the extent that plaintiff must fulfill the terms of his probation under the court's supervision. However, this suit seeks money damages and injunctive relief for the actions of the defendants, taken under color of state law, in which they allegedly deprived plaintiff of substantive and procedural due process. As plaintiff seeks money damages from defendants for the violation of constitutional rights, damages which are not available in the state criminal proceedings, application of the *Younger* doctrine is inappropriate. *Rivers v. McLeod, supra.*

**CONCLUSION**

The motion to dismiss of defendant Jones based on *Younger* abstention is denied. The court shall conduct a telephone conference with counsel on July 30, 2008 at 10:15 a.m. to set a further schedule.

So ordered.

_____\s\ John T. Curtin _____
JOHN T. CURTIN
United States District Judge

Dated: July   24   , 2008
p:\opinions\07-487.july308